No. 2021-1672

IN THE

# United States Court of Appeals

## FOR THE FEDERAL CIRCUIT

VIRNETX INC., LEIDOS, INC., FKA SCIENCE
APPLICATIONS INTERNATIONAL CORPORATION,

*Plaintiffs-Appellees*,

V.

APPLE INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court for the Eastern District of Texas
Case No. 6:12-cv-855-RWS, Judge Robert Schroeder, III

### APPELLEES' PETITION FOR PANEL REHEARING

Bradley Wayne Caldwell
Jason Dodd Cassady
John Austin Curry
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX  75201
(214) 888-4848 (telephone)
(214) 888-4849 (fax)

Jeffrey A. Lamken
  *Counsel of Record*
Lucas M. Walker
Rayiner I. Hashem
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (fax)
jlamken@mololamken.com

*Counsel for VirnetX Inc.*
*(Additional Counsel Listed on Inside Cover)*

Andy Tindel
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, TX  75702
(903) 596-0900 (telephone)
(903) 596-0909 (fax)

Donald Urrabazo
URRABAZO LAW, P.C.
2029 Century Park East
Suite 1400
Los Angeles, CA  90067
(310) 388-9099 (telephone)
(310) 388-9088 (fax)

*Counsel for Leidos, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| **Case Number** | No. 21-1672 |
|---|---|
| **Short Case Caption** | VirnetX Inc. v. Apple Inc. |
| **Filing Party/Entity** | VirnetX Inc. |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/01/2023

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| VirnetX Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☑  Additional pages attached

| Caldwell Cassady & Curry, PC | Hamad M. Hamad | Warren Joseph McCarty, III |
| Christopher S. Stewart | John Franklin Summers | Jason Scott McManis* |
| Daniel R. Pearson | Justin Thomas Nemunaitis | * Appearance withdrawn |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐  None/Not Applicable          ☑  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## <u>CERTIFICATE OF INTEREST – ADDENDUM</u>

**4.   Legal Representatives.**    List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

McKool Smith*

     Douglas A. Cawley*

     Mitchell Reed Sibley*

     Ryan Abbott Hargrave*

     Samuel Franklin Baxter*

     Stacie Greskowiak McNulty*

Parker Bunt & Ainsworth, P.C.

     Charles Ainsworth

     Robert Christopher Bunt

     Robert M. Parker

Ward, Smith & Hill, PLLC

     Claire Abernathy Henry

     Thomas John Ward, Jr.

-----

* Appearance withdrawn

## <u>CERTIFICATE OF INTEREST – ADDENDUM</u>

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). *See also* Fed. Cir. R. 47.5(b).

Appeals from the same civil action that were previously before this or any other appellate court are:

- *In re Apple Inc.*, No. 18-123 (Fed. Cir. Feb. 22, 2018) (Prost, C.J., joined by Wallach and Taranto, JJ.) (unreported order); and

- *VirnetX Inc. v. Apple Inc.*, No. 19-1050 (Fed. Cir. Nov. 22, 2019) (Taranto, J., joined by Lourie and Mayer, JJ.) (792 F. App'x 796).

Other cases pending before this or any other court or agency that involve at least one of the patents at issue in this appeal are:

- *VirnetX Inc. v. The Mangrove Partners Master Fund, Ltd.*, Nos. 20-2271, -2272 (Fed. Cir.);

- *VirnetX Inc. v. Cisco Sys., Inc.*, No. 19-1671 (Fed. Cir.);

- *VirnetX Inc. v. Apple Inc.*, No. 22-1523 (Fed. Cir.);

- *VirnetX Inc. v. Apple Inc.*, No. 22-1997 (Fed. Cir.); and

- *VirnetX Inc. v. Cisco Sys., Inc.*, Nos. 23-1765, -1809 (Fed. Cir.).

**FORM 9. Certificate of Interest**

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | No. 21-1672 |
| **Short Case Caption** | VirnetX Inc. v. Apple Inc. |
| **Filing Party/Entity** | Leidos, Inc., fka Science Applications International Corporation |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/01/2023

Signature: /s/ Andy Tindel

Name: Andy Tindel

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Leidos, Inc. | | Leidos Holdings, Inc. owns 100% of Leidos, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable      ☑  Additional pages attached

| | | |
|---|---|---|
| Urrabazo Law, PC - Arturo Padilla (Appearance Withdrawn) | Urrabazo Law, PC - Joon Song (Appearance Withdrawn) | Urrabazo Law, PC - Ronald Wielkopolski (Appearance Withdrawn) |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐  None/Not Applicable      ☑  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable      ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## <u>CERTIFICATE OF INTEREST – ADDENDUM</u>

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). *See also* Fed. Cir. R. 47.5(b).

Appeals from the same civil action that were previously before this or any other appellate court are:

- *In re Apple Inc.*, No. 18-123 (Fed. Cir. Feb. 22, 2018) (Prost, C.J., joined by Wallach and Taranto, JJ.) (unreported order); and

- *VirnetX Inc. v. Apple Inc.*, No. 19-1050 (Fed. Cir. Nov. 22, 2019) (Taranto, J., joined by Lourie and Mayer, JJ.) (792 F. App'x 796).

Other cases pending before this or any other court or agency that involve at least one of the patents at issue in this appeal are:

- *VirnetX Inc. v. The Mangrove Partners Master Fund, Ltd.*, Nos. 20-2271, -2272 (Fed. Cir.);

- *VirnetX Inc. v. Cisco Sys., Inc.*, No. 19-1671 (Fed. Cir.);

- *VirnetX Inc. v. Apple Inc.*, No. 22-1523 (Fed. Cir.);

- *VirnetX Inc. v. Apple Inc.*, No. 22-1997 (Fed. Cir.); and

- *VirnetX Inc. v. Cisco Sys., Inc.*, Nos. 23-1765, -1809 (Fed. Cir.).

# **TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ..................................................................................1

POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED ...........2

BACKGROUND ...................................................................................3

    I.    The District-Court Infringement Actions and Appeals.........................3

    II.    The PTO Proceedings and Appeals.....................................................4

    III.    This Court's Decisions in the *Mangrove* Appeal and This Appeal.................................................................................................5

ARGUMENT .......................................................................................7

The Court Should Resolve This Petition Consistent with Its Resolution of VirnetX's Rehearing Petition in the *Mangrove* Appeal ............................7

CONCLUSION ....................................................................................9

ADDENDUM

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Aqua Prod., Inc.*,
    833 F.3d 1335 (Fed. Cir. 2016) ................................................................8

*Arthrex, Inc. v. Smith & Nephew, Inc.*:
    35 F.4th 1328 (Fed. Cir. 2022) ..............................................................5
    No. 22-639 (U.S.) ..................................................................................6

*Bronger v. Off. of Pers. Mgmt.*,
    769 F.2d 756 (Fed. Cir. 1985) ................................................................9

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
    805 F.3d 1382 (Fed. Cir. 2015) ..............................................................8

*Click-To-Call Techs., LP v. Ingenio, Inc.*,
    899 F.3d 1321 (Fed. Cir. 2018) ..............................................................8

*Crumbaker v. Merit Sys. Prot. Bd.*,
    827 F.2d 761 (Fed. Cir. 1987) ................................................................8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) ..............................................................8

*VirnetX Inc. v. Apple Inc.*,
    792 F. App'x 796 (Fed. Cir. 2019) ........................................................4

*VirnetX Inc. v. Apple Inc.*,
    931 F.3d 1363 (Fed. Cir. 2019) ..............................................................5

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) ..............................................................3

*VirnetX Inc. v. Cisco Sys., Inc.*,
    748 F. App'x 332 (Fed. Cir. 2019) ........................................................3

*VirnetX Inc. v. Cisco Sys., Inc.*,
    776 F. App'x 698 (Fed. Cir. 2019) ........................................................5

*VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*,
  778 F. App'x 897 (Fed. Cir. 2019) ..........................................................................4

*VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*,
  2023 WL 2708975 (Fed. Cir. Mar. 30, 2023)...................................................1, 6

**Statutes**

Federal Vacancies Reform Act of 1998,
  Pub. L. No. 105-277, § 151, 112 Stat. 2681, 2681-611
  (codified as amended at 5 U.S.C. §§ 3345-3349d) ...............................................5

# **INTRODUCTION**

Multiple juries have now found that Apple infringed VirnetX's secure-communications patents.  In earlier infringement cases between the parties, Apple unsuccessfully challenged the validity of the asserted claims.  As a result, this Court previously held that Apple was precluded from relitigating validity.  In the same case, this Court held that some of the claims were not infringed, and so remanded for the district court to reassess damages.  Following the new damages trial, Apple brought this appeal.

The appeal was designated as a companion to, and argued before the same panel as, VirnetX's appeals from Patent Trial and Appeal Board decisions finding the asserted claims unpatentable.  *See VirnetX Inc. v. Mangrove Partners Master Fund Ltd.*, Nos. 20-2271, 20-2272 (collectively, the "*Mangrove* Appeal").  On March 30, 2023, the panel affirmed the Board's unpatentability determinations in the *Mangrove* Appeal.  *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023) (ECF #114 in No. 20-2271).  On March 31, the panel decided this appeal.  *See* ECF #75 ("Op.") (reproduced in Addendum).  It ruled that, in light of its affirmance in the *Mangrove* Appeal, "VirnetX has lost its cause of action, and its dispute with Apple is moot."  Op. 2-3.  The Court vacated the district court's judgment and remanded with instructions to dismiss the case as moot.  Op. 3.

VirnetX intends to seek panel or potentially en banc rehearing in the *Mangrove* Appeal; any rehearing petition in that appeal is due June 5, 2023. *See* ECF #119 in No. 20-2271. If this Court were to reconsider and overturn the decision in *Mangrove* on further review, that would require a different result in this appeal as well. It would eliminate the ground—invalidation of the asserted patents—on which the Court's decision rests.

VirnetX accordingly submits this rehearing petition to ensure that the Court can resolve this case consistent with its ultimate resolution of the *Mangrove* Appeal.[1] VirnetX respectfully requests that the Court hold or stay this petition pending disposition of the forthcoming rehearing petition in the *Mangrove* Appeal, and then resolve this rehearing petition in accordance with that disposition. That approach—which tracks the approach this Court has taken to rehearing petitions in similar circumstances—will ensure consistent outcomes and promote judicial economy.

## POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED

The panel decided this appeal based on its affirmance of the Board's unpatentability findings in the *Mangrove* Appeal. VirnetX will be seeking rehearing in the *Mangrove* Appeal based on the points of law or fact overlooked in that appeal, as will be discussed in VirnetX's forthcoming petition in that matter (due June 5).

---

[1] VirnetX filed an unopposed motion to extend the time for its rehearing petition in this appeal until June 5, the same day the petition in *Mangrove* is due. ECF #77 (filed April 20, 2023). As noted below, that motion remains pending.

Correction of those points in the *Mangrove* Appeal—and consequent reversal or vacatur of either of the Board's decisions at issue in that appeal—would eliminate the basis for the decision in this appeal and necessitate rehearing for the panel to decide this appeal on the merits.

## BACKGROUND

In two related district-court actions, VirnetX accused two features of Apple's devices—VPN on Demand and FaceTime—of infringing four VirnetX patents directed to secure communications. As relevant here, VirnetX accused VPN on Demand of infringing claims 1 and 7 of U.S. Patent No. 6,502,135 ("the '135 patent") and claim 13 of U.S. Patent No. 7,490,151 ("the '151 patent"), and accused FaceTime of infringing two other patents.[2]

## I.    THE DISTRICT-COURT INFRINGEMENT ACTIONS AND APPEALS

The -417 Case. VirnetX filed the first infringement action in 2010. *VirnetX Inc. v. Cisco Sys. Inc.*, No. 6:10-cv-417 (E.D. Tex. Aug. 11, 2010) ("the -417 case"). Over the course of two appeals, this Court upheld the patents' validity, the infringement findings as to both features, VirnetX's damages methodology, and the jury's damages award. *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014) ("*VirnetX I*"); *VirnetX Inc. v. Cisco Sys., Inc.*, 748 F. App'x 332 (Fed. Cir. 2019) ("*VirnetX II*") (Rule 36 affirmance).

---

[2] U.S. Patent Nos. 7,921,211 ("the '211 patent") and 7,418,504 ("the '504 patent").

<u>This Case</u>. After the verdict in the -417 case, Apple released redesigned versions of VPN on Demand and FaceTime. VirnetX filed this action accusing those revised versions of infringement. *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-855 (E.D. Tex. Nov. 6, 2012) ("the -855 case"). In a prior appeal in this case, this Court held that Apple is collaterally estopped from contesting the patents' validity, having unsuccessfully challenged them in the -417 action. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 798 (Fed. Cir. 2019) ("*VirnetX III*"). The Court also upheld the jury's finding that redesigned VPN on Demand infringes the '135 and '151 patents, *id.* at 806-07, but found that redesigned FaceTime did not infringe, *id.* at 812. The Court remanded for the district court to reassess damages for redesigned VPN on Demand. *Id.* at 813.

Following a damages-only retrial for redesigned VPN on Demand, the district court entered judgment for VirnetX, and Apple filed this appeal ("*VirnetX IV*").

## II.    THE PTO PROCEEDINGS AND APPEALS

In parallel with the district-court cases, Apple and others challenged VirnetX's patents before the PTO. In decisions issued in 2016 and 2017, the Patent Trial and Appeal Board found the asserted claims of all four patents unpatentable. *See* Appx17012-17013. VirnetX appealed, and this Court overturned the Board's decisions in critical respects. *See VirnetX Inc. v. Mangrove Partners Master Fund,*

*Ltd.*, 778 F. App'x 897 (Fed. Cir. 2019); *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363 (Fed. Cir. 2019); *VirnetX Inc. v. Cisco Sys., Inc.*, 776 F. App'x 698 (Fed. Cir. 2019).

Most relevant here, on remand in the inter partes review proceedings brought by Mangrove Partners Master Fund, the Board again found the asserted claims of the '135 and '151 patents (infringed by VPN on Demand) unpatentable. Appx8726-8753; Appx8790-8821. VirnetX appealed. *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, Nos. 20-2271, 20-2272 (the "*Mangrove* Appeal"). In the *Mangrove* Appeal, VirnetX challenged the Board's decisions both on the merits and on the ground that then-Commissioner of Patents Drew Hirshfeld had improperly exercised the PTO Director's authority in violation of the Federal Vacancies Reform Act. After this Court issued its decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022), *cert. pending*, No. 22-639 (U.S.), VirnetX acknowledged that *Arthrex* foreclosed its challenge to Commissioner Hirshfeld's authority as a matter of precedent, but preserved the issue for potential further review.

## III.    THIS COURT'S DECISIONS IN THE *MANGROVE* APPEAL AND THIS APPEAL

The Court designated this appeal (from the damages retrial for redesigned VPN on Demand's infringement of the '135 and '151 patents) and the *Mangrove* Appeal (from the Board's unpatentability decisions regarding the asserted claims of

those patents) as companion cases.   The cases were argued in tandem on September 9, 2022.

The panel decided the *Mangrove* Appeal on March 30, 2023, affirming the Board's unpatentability decisions.  *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023) (ECF #114 in No. 20-2271).   On March 31, the panel issued its decision in this appeal.   The panel stated that, because it had "affirmed the Board's finding of unpatentability" in the *Mangrove* Appeal, "VirnetX has lost its cause of action, and its dispute with Apple is moot."  Op. 2-3.   The panel therefore "vacate[d] the district court's judgment and remand[ed] with instructions to dismiss the case as moot."  Op. 3.

VirnetX intends to seek panel rehearing and/or rehearing en banc in the *Mangrove* Appeal.   VirnetX sought and received an unopposed extension for its rehearing petition in the *Mangrove* Appeal—from May 15 to June 5, 2023—in part to ensure that the petition can take account of the Supreme Court's anticipated decision on whether to grant certiorari in *Arthrex*, which the Supreme Court is expected to announce on May 22 or 30.  *See* ECF #118, 119 in No. 20-2271; p. 5, *supra*.  To ensure that the Court can revisit its decision in this appeal in light of its

resolution of any rehearing decision in the *Mangrove* Appeal, VirnetX is filing this petition for rehearing.[3]

## ARGUMENT

### THE COURT SHOULD RESOLVE THIS PETITION CONSISTENT WITH ITS RESOLUTION OF VIRNETX'S REHEARING PETITION IN THE *MANGROVE* APPEAL

The panel's decision in this case was based on its affirmance of the Board's unpatentability rulings in the *Mangrove* Appeal.  Op. 2-3.  The decision states that, because of the decision affirming "the Board's finding of unpatentability" in the *Mangrove* Appeal, "VirnetX has lost its cause of action, and its dispute with Apple is moot."  Op. at 2-3.  As a result, the panel's decision in this case rises or falls together with this Court's ruling in the *Mangrove* Appeal.

As explained above, VirnetX plans to seek rehearing in *Mangrove*.  If the Court grants rehearing in that case and reverses or vacates the Board's unpatentability rulings in either decision at issue in the *Mangrove* Appeal, that would eliminate the basis for the panel's decision here.  Absent an "affirm[ed] Board finding of unpatentability," VirnetX will not have "lost its cause of action" and its "dispute

---

[3] VirnetX filed an unopposed motion to extend the deadline for seeking rehearing in this appeal from May 1 to June 5, 2023, so as to align the schedules for seeking rehearing in both appeals.  ECF #77 (filed April 20, 2023).  Because that motion has not been ruled on as of May 1, VirnetX is filing this rehearing petition today in anticipation of its forthcoming petition in the *Mangrove* Appeal.

with Apple" would not be "moot."[4]   Rehearing would then be appropriate in this case to allow the panel to decide this appeal on the merits.   As noted above, VirnetX's rehearing petition in the *Mangrove* Appeal is due by June 5, 2023.   The Court thus should hold this petition until the forthcoming petition in the *Mangrove* Appeal has been resolved.   The Court should then resolve this rehearing petition consistent with its ultimate resolution of the *Mangrove* Appeal.

This Court has taken a similar approach to rehearing petitions in other cases. It has held a petition for rehearing pending resolution of a petition for rehearing in another case (and then stayed the petition after rehearing was granted in the other case).   *See In re Aqua Prod., Inc.*, 833 F.3d 1335, 1335-36 (Fed. Cir. 2016) (discussing *Prolitec* rehearing petition).   It has also held or stayed rehearing petitions pending further review in other cases involving relevant issues.[5]   Likewise here,

---

[4] VirnetX adheres to its view that only *cancellation* of the asserted claims, not merely affirmance of a Board decision, would trigger any destruction of the cause of action. *See* ECF #32 at 31-32 (citing *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013)); Oral Argument at 12:50-12:58, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1672_09082022.mp3 ("If the court upholds the PTAB, the patents are on their way to cancellation, and once the patents are cancelled, we no longer have a cause of action."). For present purposes, however, it is sufficient that, under *Fresenius*, this case ultimately will cease to be viable if the *Mangrove* Appeal is affirmed and the claims are consequently cancelled—and that the case remains viable if that does not occur.

[5] *See Click-To-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321, 1328 (Fed. Cir. 2018) (rehearing petition held in abeyance pending en banc review in another case); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 805 F.3d 1382 (Fed. Cir. 2015) (en banc) (per curiam) (rehearing petition held in abeyance pending Supreme Court review of relevant issue); *Crumbaker v. Merit Sys. Prot. Bd.*, 827 F.2d 761 (Fed. Cir.

holding or staying this petition will allow this Court to resolve the petition in light of its resolution of the rehearing petition in the *Mangrove* Appeal and ensure consistent results between the two companion cases.

## **CONCLUSION**

The Court should hold or stay this petition pending resolution of any petition for rehearing in the *Mangrove* Appeal, and then resolve this petition accordingly. If the Court reverses or vacates either of the Board's decisions in the *Mangrove* Appeal, the panel should grant rehearing in this appeal and decide the appeal on the merits.

---

1987) (rehearing petition stayed pending Supreme Court review of relevant issue); *Bronger v. Off. of Pers. Mgmt.*, 769 F.2d 756, 757 (Fed. Cir. 1985) (same).

May 1, 2023                                    Respectfully submitted,

                                               /s/ Jeffrey A. Lamken
Donald Urrabazo                                Jeffrey A. Lamken
URRABAZO LAW, P.C.                                 *Counsel of Record*
2029 Century Park East                         Lucas M. Walker
Suite 1400                                     Rayiner I. Hashem
Los Angeles, CA  90067                         MOLOLAMKEN LLP
(310) 388-9099 (telephone)                     The Watergate, Suite 500
(310) 388-9088 (fax)                           600 New Hampshire Avenue, N.W.
                                               Washington, D.C.  20037
Andy Tindel                                    (202) 556-2000 (telephone)
MANN | TINDEL | THOMPSON                        (202) 556-2001 (fax)
112 East Line Street, Suite 304                jlamken@mololamken.com
Tyler, TX  75702
(903) 596-0900 (telephone)                     Bradley Wayne Caldwell
(903) 596-0909 (fax)                           Jason Dodd Cassady
                                               John Austin Curry
*Counsel for Leidos, Inc.*                      CALDWELL CASSADY & CURRY
                                               2121 N. Pearl Street, Suite 1200
                                               Dallas, TX  75201
                                               (214) 888-4848 (telephone)
                                               (214) 888-4849 (fax)

                                               *Counsel for VirnetX Inc.*

10

# **ADDENDUM**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VIRNETX INC., LEIDOS, INC., FKA SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,**
*Plaintiffs-Appellees*

v.

**APPLE INC.,**
*Defendant-Appellant*

_____

2021-1672

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 6:12-cv-00855-RWS, Judge Robert Schroeder, III.

_____

Decided: March 31, 2023

_____

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, argued for all plaintiffs-appellees. Plaintiff-appellee VirnetX Inc. also represented by RAYINER HASHEM, LUCAS M. WALKER; BRADLEY WAYNE CALDWELL, JASON DODD CASSADY, JOHN AUSTIN CURRY, Caldwell Cassady & Curry, Dallas, TX.

DONALD SANTOS URRABAZO, Urrabazo Law, P.C., Los

Angeles, CA, for plaintiff-appellee Leidos, Inc. Also represented by ANDY TINDEL, Mann, Tindel & Thompson, Tyler, TX.

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for defendant-appellant. Also represented by MARK CHRISTOPHER FLEMING, LAUREN B. FLETCHER; BRITTANY BLUEITT AMADI, STEVEN JARED HORN, Washington, DC; THOMAS GREGORY SPRANKLING, Palo Alto, CA.

_____

Before MOORE, *Chief Judge*, HUGHES and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

We previously affirmed that Apple's VPN On Demand feature infringed claims of U.S. Patent Nos. 6,502,135 and 7,490,151. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019). We remanded for further proceedings on damages. *Id.* Apple appealed the resulting damages award.

In the meantime, the Patent Trial and Appeal Board found both patents unpatentable. We have now affirmed that decision. *VirnetX Inc. v. Mangrove Partners Master Fund*, Nos. 20-2271, 20-2272 (Fed. Cir. Mar. 30, 2023).

The parties in this case agreed that if we affirmed the Board's finding of unpatentability, then the Patent and Trademark Office would be obligated to cancel the claims of both patents and, therefore, VirnetX would no longer have a legally cognizable cause of action against Apple. *See* Oral Argument at 13:42-13:45, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1672_09082022.mp3 (VirnetX agreeing that in this eventuality it would be appropriate to "remand for dismissal because we've lost our cause of action"); Reply Br. 2. Now that we have affirmed the Board's finding of

unpatentability, VirnetX has lost its cause of action, and its dispute with Apple is moot. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013).

Accordingly, we vacate the district court's judgment and remand with instructions to dismiss the case as moot.

## VACATED AND REMANDED

### Costs

Costs shall be assessed against Appellant.

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  No. 21-1672

**Short Case Caption:**  VirnetX Inc. v. Apple Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  2,062  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 05/01/2023          Signature:  /s/ Jeffrey A. Lamken

Name:  Jeffrey A. Lamken